## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DENNY PATRIDGE and JUDY PATRIDGE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  05-3249 |
| UNITED STATES INTERNAL REVENUE SERVICE and REVENUE OFFICER CURTIS MEGYESI and DEBRA DUFEK, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on the United States' Motion to Dismiss (d/e 8).  Plaintiffs Denny and Judy Patridge filed their Petition for Redetermination, Judicial Review, Reversal and Quashing Concerning Collection Action(s) under Section 6330 (d/e 1) (Petition) against the United States Internal Revenue Service (IRS), and Revenue Officers Curtis Megyesi and Debra Dufek on September 23, 2005, seeking review of an Internal Revenue Service Notice of Determination issued on August 24, 2005.  The IRS asks the Court to dismiss the action under Fed. R. Civ. P.

12(b)(1) for lack of subject matter jurisdiction.  For the reasons set forth below, the Motion to Dismiss is allowed, and the Petition is dismissed for lack of subject matter jurisdiction.

BACKGROUND

According to the Petition, Plaintiffs received a Final Notice of Intent to Levy on November 23, 2000.  This Notice informed Plaintiffs that they had a right to challenge the collection activity under 26 U.S.C. § 6330. Plaintiffs made a request for a due process hearing on November 28, 2000. The hearing was held August 17, 2005, before Defendant Megyesi.  At the hearing, Plaintiffs argued that a Notice of Deficiencies dated January 27, 2000, for tax years 1996 and 1997 constituted an impermissible "whipsaw tax" and a double tax.  On August 24, 2005, Defendant Dufek issued the Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 at issue here.  The Petition asserts that the Notice of Determination is erroneous in many ways.  The IRS moves to dismiss, arguing that this Court lacks jurisdiction because the United States has not waived its sovereign immunity with respect to Plaintiffs' claims.

ANALYSIS

The standard of review for a Rule 12(b)(1) motion to dismiss for lack

2

of subject matter jurisdiction depends on the purpose of the motion.  See

United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir.

2003) (en banc).

> If subject matter jurisdiction is not evident on the face of the
> complaint, the motion to dismiss pursuant to Rule 12(b)(1)
> would be analyzed as any other motion to dismiss, by assuming
> for purposes of the motion that the allegations in the complaint
> are true.  However, as here, if the complaint is formally
> sufficient but the contention is that there is in fact no subject
> matter jurisdiction, the movant may use affidavits and other
> material to support the motion.  The burden of proof on a
> 12(b)(1) issue is on the party asserting jurisdiction.

Id.

"The United States government may be sued only where Congress has

waived its sovereign immunity and the existence of such waiver is a

prerequisite for jurisdiction."  LaBonte v. United States, 233 F.3d 1049,

1052 (7th Cir. 2000) (internal quotations and citations omitted).  The IRS

is an agency of the United States; therefore, this Court's jurisdiction is

contingent on whether the United States has waived its sovereign immunity.

To bring an action against the United States in federal court, Plaintiffs must

identify a statute conferring subject matter jurisdiction and a federal law

waiving the sovereign immunity of the United States.  Clark v. United

States, 326 F.3d 911, 912 (7th Cir. 2003) (per curiam).  As previously

noted, Plaintiffs bear the burden of proof on the issue of jurisdiction.

As an initial matter, the IRS submits that the claims against Defendants Megyesi and Dufek are official capacity claims and, as such, are in essence claims against the United States. Plaintiffs do not respond to this argument. It is clear from the Petition that Megyesi and Dufek are being sued in their official capacities. Thus, the claims against these two Defendants are claims against the IRS and subject to the sovereign immunity analysis as well. See Kentucky v. Graham, 473 U.S. 159, 165 (1985).

The Petition alleges that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, & 1361 and 26 U.S.C. §§ 7421(a) & 6330(d)(1)(B). Of these sections, only 26 U.S.C. § 6330(d)(1)(B) addresses a waiver of sovereign immunity. Under 26 U.S.C. § 6330(d)(1):

> The person may, within 30 days of a determination under this section, appeal such determination--
>
> (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
>
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.
>
> If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file

such appeal with the correct court.

Plaintiffs assert that their Petition falls under § 6330(d)(1)(B).

The IRS has attached exhibits to its Memorandum in Support of Its Motion to Dismiss (d/e 9), including: (1) Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330, dated August 24, 2005, with Attachment; (2) Final Notice of Intent to Levy, dated November 23, 2000; and (3) Notice of Deficiency, dated January 27, 2000.  The Court notes that the weight of Seventh Circuit authority allows a court considering a Rule 12(b) or (c) motion to rely on a document that had "merely been referred to in the complaint, provided it was a concededly authentic document central to the plaintiff's claim" without converting the motion to one for summary judgment.  Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002) (collecting cases).  In the present case, Plaintiffs do not challenge the authenticity of these three exhibits or dispute their applicability.  Therefore, the Court will consider these documents in analyzing the Motion to Dismiss.

Plaintiffs assert: (1) § 6330 is a waiver of sovereign immunity of the United States to either the Tax Court or the United States District Court, with no distinction based on the type of tax at issue and (2) the taxes at

issue are outside the jurisdiction of the Tax Court.  Plaintiffs cite no cases to support their belief that § 6330's waiver of sovereign immunity encompasses both the Tax Court and the District Court.  By the express terms of § 6330(d)(1)(B), in order for this Court to have jurisdiction, the Tax Court must not have jurisdiction of the underlying tax liability. "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed."  United States v. Nordic Village Inc., 503 U.S. 30, 33 (1992) (internal quotations and citations omitted).  Furthermore, the Supreme Court has recognized "the traditional principle that the Government's consent to be sued must be construed strictly in favor of the sovereign, and not enlarge[d] . . . beyond what the language requires."  Id. at 34 (internal quotations and citations omitted).  Applying these principles, it is clear that § 6330(d)(1)(B) provides only a limited waiver of sovereign immunity, which depends on the type of underlying tax liability at issue. The Court rejects Plaintiffs' first argument.

Plaintiffs second argument is equally unavailing.  Plaintiffs bear the burden of showing that the dispute falls outside the jurisdiction of the Tax Court, such that § 6330(d)(1)(B) would apply.  Under 26 U.S.C. § 6330(d)(1)(A), the Tax Court has jurisdiction under § 6330 with respect to

those levies over which it has deficiency jurisdiction, specifically income, gift, and estate taxes.  See 26 U.S.C. §§ 6211(a), 6213(a), & 6214(a).  The documents submitted by the IRS show that the underlying tax liability at issue in the present case relates to Plaintiffs' income tax liability.  See Memorandum in Support of Motion to Dismiss, Exhs. Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330, dated August 24, 2005, with Attachment, Notice of Deficiency, dated January 27, 2000.  As previously stated, Plaintiffs do not contest the authenticity of these documents.  Income tax liability specifically falls within the jurisdiction of the Tax Court.  Thus, the Court finds that Plaintiffs have failed to show that the instant dispute falls outside the jurisdiction of the Tax Court such that § 6330(d)(1)(B) would apply.

THEREFORE, as set forth above, Plaintiffs fail to meet their burden of identifying a statute waiving the United States' sovereign immunity under the circumstances of this case.  As a result, this Court lacks subject matter jurisdiction.  The United States' Motion to Dismiss (d/e 8) is ALLOWED, and the Petition is DISMISSED for lack of subject matter jurisdiction.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   December 21, 2005.

FOR THE COURT:

_____ s/  Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE